COMMONWEALTH TRIAL COURT

OFFICE OF THE ATTORNEY GENERAL)       CIVIL ACTION NO. 86-399
and OFFICE OF IMMIGRATION AND )
NATURALIZATION OF THE CNMI,    )
                               )
             Petitioners,      )
                               )
       vs.                     )              OPINION
                               )
MERLE P. LABITAG,              )
                               )
             Respondent.       )
_____)


     The case now before the Court is the second application for
deportation filed by Petitioners against the Respondent while a
previous deportation order had been appealed to the District
Court, pending appellate determination, and a stay on the
previous order having been issued by the District Court.

### PROCEDURAL BACKGROUND

     Petitioners initially filed their petition for deportation
in this Civil Action No. 86-399 on the basis that the Respondent
was determined to be a carrier of inactive tuberculosis, and
having failed to follow proper treatment, Respondent post a

threat to the health of the CNMI citizens. After an evidentiary hearing the Court entered an order granting the petition for deportation in June, 1986. Respondent appealed to the District Court and the District Court granted Respondent's motion for stay of the enforcement of the order of deportation. At the time that all the above occurred the Respondent was legally authorized to remain in the CNMI and the deportation was based only on health reasons.

From the information given to the Court by both counsel at the hearing on January 13, 1987, it is aware that Respondent filed an action against her employer in the Division of Labor, Department of Commerce and Labor which gave her the privilege to remain in the CNMI until her action was reduced to a judgment. (3 CMC §4437) The Labor Division issued its decision on September 25, 1986. That decision has been appealed to the Commonwealth Trial Court.

On December 22, 1986 the Petitioners filed another petition for deportation in this same case on the basis that the Respondent has taken a reasonable time and has reduced to a judgment her claim against the employer filed with the Labor Division. Respondent contends as follows:

1. That Petitioners may not file another petition for deportation in this same case pending the appeal before the District Court and during the pendency of the stay of

execution of the initial deportation order. This is similiar to arguing that the Commonwealth Court has no further jurisdiction in this case.

2. That the Respondent's action against the employer has not been reduced to a judgment in that the decision of the Administrative Officer has been appealed to the Commonwealth Court and is therefore still pending.

The Petitioners argue that the basis of the new petition for deportation is separate and unrelated to the grounds for the initial petition for deportation. The initial ground for deportation was health hazard while the current ground for deportation is lack of entry permit and absence of any pending action against the employer. Petitioners further argue that the decision of the Administrative Hearing Officer reduced Respondent's action to a judgment.

## DISCUSSION ON FIRST ISSUE

For the reasons set forth below the Court hereby concludes that the Commonwealth Trial Court does not have jurisdiction in Civil Action No. 86-399 while the appeal is pending before the District Court and the stay of execution of the deportation order is also pending. At the same time, nothing would preclude the Petitioners from filing a new and separate petition for deportation against the Respondent if the Respondent has no valid entry permit and has no pending action against her employer which

has not been reduced to a judgment.

At the time that the government initiated the first petition for deportation, the Respondent had the privilege of remaining in the CNMI pending her action against her employer until such action was reduced to a judgment. The sole basis for the petition for deportation was her failure to comply with the medical treatment prescribed by the government, relative to a positive result from a tuberculosis test performed on the Respondent. That case is now on appeal and the District Court has stayed the deportation order of the Commonwealth Trial Court. Therefore, this Court does not have any jurisdiction in the case. The government's attempt to reopen the same case and seek another deportation order based on an entirely separate and different ground would not restore jurisdiction in this Court and is hereby rejected for that reason.

This conclusion on the part of the Court does not preclude the Petitioners from bringing a new and separate action for deportation against the same Respondent based on the new ground for deportation. Such a new action would have no relationship or connection with the initial deportation action now on appeal.

The Court, by way of illustration, compares this situation with the following hypothetical.

A person is charged with assault and battery, tried, convicted, and sentenced to six months probation. He appeals to the District Court and obtains a stay of execution of the sentence pending appeal. While the appeal is pending the same

person commits <u>another</u> assault and battery.

In the above situation the government may not reopen the old assault and battery case now pending on appeal, but the government certainly could file a new and separate action against the same defendant based on the new assault and battery that has been committed. He may then be tried, convicted and sentenced separately even while the first assault and battery case is still pending on appeal. Likewise, the government may bring a new deportation action against the Respondent in a separate case for a separate ground.

## DISCUSSION ON SECOND ISSUE

The second issue is whether the Respondent's action against her employer was "reduced to a judgment" when the Administrative Officer of the Division of Labor issued his decision on September 25, 1986 entering a judgment for the Respondent in the sum of $235.44 for unpaid wages and requiring the employer to pay her return trip to her point of hire. For the reasons set forth below the Court concludes that the Respondent's action against the employer has been reduced to a judgment.

Neither party referred to any written legislative history of the law granting non- resident workers the privilege of remaining in the CNMI for a reasonable period of time pending an action against their employers until such actions are reduced to a judgment. Therefore, the Court will resort to the plain meaning

996

of the statute and the general principles of statutory construction.

Judgment is clearly the final determination of the Trial Court where a case is commenced in the Trial Court or final decision of an administrative agency where the action is commenced with the administrative agency. (Black's Law Directionary, 5th ed., 1979); 46 Am Jur.2d *Judgments* §1; 1 CMC 9112(d). None of the authorities reviewed by this Court indicate that an action can be reduced to a judgment only after all appeals have been exhausted. On the contrary, they all dictate that a judgment must be had first, before any appeals are taken therefrom. A judgment that has been appealed may be enforced, unless enforcement thereof has been stayed. 46 Am Jur.2d *Judgments* §922-924. If a non-resident alien files an action against the employer in the Labor Division, the action is reduced to a judgment when the Labor Division enters its final decision and the same is appealable to the Trial Court. If the non-resident worker files the action with the Commonwealth Trial Court then the action is reduced to a judgment when the Trial Court enters its final judgment which could be appealed to the appellate division of the District Court.

If the legislature had intended to give additional privileges so that the non-resident worker could remain until all appeals of the action were exhausted, the legislature could have expressly done so and would have included such statement in the statute. The statute now only allows the privilege to remain

997

in the CNMI until a judgment is entered. Section 4437(b)(1) of Title 3 specifically and clearly states that, "... worker shall be permitted to continue working within the Commonwealth on temporary basis during the pendency of the complaint ...," not pendency of the complaint or appeal. (emphasized)

## CONCLUSIONS

For the above reasons the Court concludes and enters its Decision as follows:

1. This Court has no jurisdiction to reopen Civil Action 86-399 for purposes of entertaining the new petition for deportation by the government on a separate ground. Therefore, the new petition is dismissed. This opinion does not preclude the government from filing a new and separate petition for deportation based on a separate and new ground for deportation.

2. "Reduced to judgment" as used in 3 CMC §4437(b)(1) means the final decision of an administrative agency which could be appealed to the Commonwealth Court or the final judgment of the Commonwealth Court which could be appealed to the District Court depending upon where the action is initially filed. The alien worker may work temporarily while the complaint is pending. Not while the complaint or appeal is pending.

Entered this ___3___ day of ___February___, 1987.

_____
Ramon G. Villagomez
Associate Judge